IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
FEB 28 2002
UNITED STATES DISTRICT
NORTHERN DISTRICT OF AL

| | | |
|---|---|---|
| **BARBARA A. TILLERY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number |
| | ) | |
| **DISABILITY DETERMINATION SERVICES** | ) | 00-C-2517-S |
| **of the ALABAMA DEPARTMENT OF** | ) | |
| **EDUCATION,** | ) | |
| | ) | |
| Defendant. | ) | |

ENTERED
MAR 4 2002

## MEMORANDUM OPINION ON RACIAL DISCRIMINATION CLAIM

Plaintiff Barbara Tillery's sole remaining claim in this case is that of racial discrimination. The Court has previously granted summary judgment on her claims of disability discrimination and retaliation. On consideration of all of the material undisputed facts, Plaintiff fares no better on her final claim than she did on her first two. Defendant's motion for summary judgment is due to be granted.

I

Plaintiff, a white female, was employed by the Disability Determination Service ("DDS") of the Alabama Board of Education as a disability examiner in March 1982 until she retired in March 2002. At all material times, all of her supervisors were whites.

Plaintiff claims that she was treated differently because of her race.

Plaintiff has pointed to only one black employee, Evelyn Chandler, as a comparator who

1

was treated differently. Plaintiff and Chandler had different supervisors.

Plaintiff contends that DDS transferred Chandler from one location to another to accommodate her asthmatic condition. But the undisputed evidence shows that Plaintiff, who also has asthma, was likewise transferred to another location on her request.

The evidence does not disclose that any similarly situated black disability examiner was treated differently than Plaintiff.

Plaintiff has not shown that she suffered from a single adverse employment action.

II

On these undisputed facts, Defendant is entitled to judgment as a matter of law.

First, since Plaintiff has not established an adverse employment action, she has not carried the second element of her burden of proof.

Moreover, Plaintiff has not carried her burden of proof that Chandler is an appropriate comparator. The two are not similarly situated in all material respects, for her white supervisor (who allegedly discriminates against her because of her race) does not supervise Chandler. *See Jones v. Bessemer Carraway Med. Ctr.*, 137 F.3d 1306, 1311 (11th Cir.1998)

By separate order, summary judgment shall be granted in favor of Defendant on the remaining claim of racial discrimination.

Done this 28th day of February, 2002.

Chief United States District Judge
U.W. Clemon